√ FILED  ___ LODGED
___ RECEIVED ___ COPY

SEP 3 0 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ Z DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

BENJAMIN GOLDBERG
Assistant United States Attorney
New York State Bar No. 5346838
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: (602) 514-7500
Email: Ben.Goldberg@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.   CR-25-01359-PHX-MTL (MTM) |
| Plaintiff, | **INDICTMENT** |
| vs. | VIO:   18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D) (Dealing Firearms Without a License) Count 1 |
| Jeremy Kent Van Leuven, Defendant. | 18 U.S.C. §§ 924(d) and 981; 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

<u>**COUNT 1**</u>

From on or about November 6, 2023, through September 30, 2025, within the District of Arizona, Defendant, JEREMY KENT VAN LEUVEN, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## **FORFEITURE ALLEGATION**

The Grand Jury realleges and incorporates the allegations of Count 1 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offense(s) alleged in Count 1 of this Indictment, the defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses as to which property the defendant is liable.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

//

//

//

- 2 -

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*s/*
FOREPERSON OF THE GRAND JURY
Date:  September 30, 2025

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/*
BENJAMIN GOLDBERG
Assistant U.S. Attorney